CARR, J.
The counsel for the appellants took two objections to the proceedings: 1. that a mandamus was not the proper remedy ; 2. that there should have been a majority of the justices of King William on the bench, or proof that thej had been summoned to attend, when the order was made appointing commissioners to meet those of King & *Queen. It will only be necessary to notice the first of these points, if it shall be found decisively settled, that where there is another specific legal remedy, the mandamus will not lie. A brief examination of some of the cases will abundantly shew this. In Rex v. Barker, 3 Burr. 1267, lord Mansfield said, “A mandamus in a prerogative writ. — It ought to be used upon all occasions, where the law has established no specific remedy, and where, in justice and good government, there ought to be one.” “The value of the matter, or the degree of its importance to the public police, is-not scrupulously weighed: if there be a right, and no other specific remedy, this should not be denied.” And, in Rex v. The Bank of England, 2 Doug. 526, he said, “ Where there is no specific remedy, the court will grant a mandamus, that justice may be done.” In the case of The King v. Marquis of Stafford, 3 T. R. 651, on an application for a rule to shew cause why a mandamus should not issue to-command the defendant, as lord of the-manor, to present to the ordinary, one Moreton, nominated by the inhabitants off Willenhall, to be curate of that chapel, lord Kenyon said, “it seems as if the inhabitants have only an equitable right. If so, this court cannot interfere at all; or iff they have a legal right, such right may be asserted in a quare impedit. Therefore,-quacunque via data, this rule must be discharged.” The King v. Bishop of Chester, 1 T. R. 404; The King v. Archbishop of Canterbury, 8 East. 213; Rex v. Commissioners of Dean, 2 Mau. & Sel. 80. In 4 Bac. Abr. Mandamus, C. p. 506, it is laid down, that it is, in general, sufficient reason with the court to refuse a mandamus, that the party applying for it has another specific remedy; and many cases are quoted in support. It seems an exception to this general rule, that the remedy is obsolete, or inconvenient, or incomplete: in such cases, the court exercises sound discretion in granting or refusing the writ. In our legislation, I find nothing to change this settled course of the law. The statute, 1 Rev. Code, ch. 121, p. 471, merely regulates the mode of proceeding on. writs of mandamus, without prescribing when *they shall be granted or refused. In Dew v. The Judges of the Sweet Springs &c., 3 Hen. & Munf. 1, the subject is touched upon, but only incidentally, the case there being evidently a proper one for the writ. The law being thus settled, we are only to inquire, whether the petitioner for this mandamus, had a specific legal remedy? And this is answered by the passage cited from the 9th section of the statute, 2 Rev. Code, ch. 236, “and all such contracts made by county courts, or others appointed by them, shall be available and binding upon the justices and their successors, so as to entitle the undertaker to his stipulated reward in the county levy, or to a recovery thereof with costs, by action of debt against the justices refusing to levy the same.
The other judges concurred, and the judgment was reversed, and the mandamus dismissed.